**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IT'S INTOXICATING, INC., | |
| Plaintiff, | CIVIL ACTION NO. 3:11-2379 |
| v. | (JUDGE CAPUTO) |
| MARITIM HOTELGESELLSCHFT, mbH, and DANIELA ZIMMER, | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court are motions to dismiss Plaintiff's Complaint filed by Defendants Maritim Hotelgesellschft, mbH ("Maritim") (Doc. 9) and Daniela Zimmer ("Zimmer"). (Doc. 14.) Both Defendants argue that the Complaint should be dismissed for lack of personal jurisdiction, improper venue, and/or failure to state a claim upon which relief can be granted. Because Plaintiff has failed to meet its burden of demonstrating that the Court may exercise personal jurisdiction over Maritim and Zimmer, Defendants' motions to dismiss for lack of personal jurisdiction will be granted.

**I. Background**

The facts as alleged in the Complaint are as follows:

Plaintiff It's Intoxicating, Inc. ("It's Intoxicating") is a Pennsylvania corporation with a business address in Forty-Fort, Pennsylvania. (*Compl.*, ¶ 2.) It's Intoxicating is in the business of supplying cosmetic goods. (*Id*. at ¶ 5.)

Maritim is a German company with an address in Bad Salzuflen, Germany. (*Id*. at ¶ 3.) Maritim owns and operates approximately thirty-eight (38) hotels. (*Id*. at ¶ 6.) Zimmer is an adult individual who resides in Berlin, Germany. (*Id*. at ¶ 4.) Zimmer acted as an agent for Maritim. (*Id*. at ¶ 13.)

Prior to March 2, 2008, Plaintiff and Maritim entered into contracts whereby Plaintiff

would supply Maritim with requested cosmetic goods in exchange for payment. (*Id*. at ¶ 7.) Pursuant to the contracts and Maritim's request, on or about March 2, 2008 and April 3, 2008, Plaintiff delivered supplies of cosmetic goods to Maritim. (*Id*. at ¶ 8.) Maritim accepted and acknowledged receipt of the goods. (*Id*. at ¶ 9.) The outstanding contract price for the delivered goods is $120,000.00. (*Id*. at ¶ 10.) Maritim, however, has failed to make payment of the balance to It's Intoxicating. (*Id*. at ¶ 11.)

Zimmer, as an agent for Maritim, was involved in communications with It's Intoxicating related to contract formation, as well as the order and delivery of cosmetic supplies. (*Id*. at ¶¶ 12-13.) To any extent Maritim has given an explanation to It's Intoxicating for failure to pay the outstanding balance, Maritim has indicated that it previously paid Zimmer. (*Id*. at ¶ 14.) Both Defendants, however, have refused to provide further explanation to It's Intoxicating as to the reason for non-payment. (*Id*. at ¶ 15.)

As a result of the foregoing events, It's Intoxicating commenced this action against Maritim and Zimmer on December 26, 2011. (*Compl*.) Plaintiff asserts that the acts of Defendants constitute fraud, breach of contract, and/or unjust enrichment. (*Id*. at ¶ 16-18.) In addition, It's Intoxicating asserts a claim for conversion against Zimmer. (*Id*. at ¶ 20.) On May 11, 2012, Maritim filed a Motion to Dismiss Plaintiff's Complaint. (Doc. 9.) And, on June 20, 2012, Zimmer moved to dismiss the Complaint. (Doc. 14.) Now, as both motions have been fully briefed, they are ripe for disposition.

## II. Discussion

**A.    Personal Jurisdiction**

    **1.    Legal Standard**

While the Court can accept a plaintiff's allegations regarding jurisdiction as true for purposes of the motions to dismiss, "once the defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence,

facts sufficient to establish personal jurisdiction." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 147 (3d Cir. 1992) (internal citation omitted).

District courts are permitted to exercise personal jurisdiction over a nonresident to the extent allowed under the laws of the state where the district court sits. Fed. R. Civ. P. 4(e); *Pennzoil Prods. Co. v. Colelli & Assoc., Inc.*, 149 F.3d 197, 200 (3d Cir. 1998). Pennsylvania's long-arm statute, 42 Pa. Cons. Stat. Ann. § 5322, "permits Pennsylvania courts to exercise personal jurisdiction over nonresident defendants 'to the constitutional limits of the Due Process Clause of the Fourteenth Amendment.'" *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992).

Such due process requires that an out-of-state defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940)); *see also Goodyear Dunlop Tires Operations v. Brown*, — U.S. —, 131 S. Ct. 2846, 2853, 180 L. Ed. 2d 796 (2011) (affirming that "[t]he canonical opinion in this area remains *International Shoe*"). Due process also requires some voluntary action by the defendant; this action serves as "fair warning that a particular activity may subject [it] to the jurisdiction of a foreign sovereign." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (citations omitted). Having the requisite contacts with the forum state may subject the defendant to either general jurisdiction or specific jurisdiction. *See id*.

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of an action where the district court lacks personal jurisdiction over the defendant. Once a defendant raises a jurisdiction defense, "the plaintiff must 'prove by affidavits or other competent evidence that jurisdiction is proper.'" *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 331 (3d Cir.

2009) (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)). And, where, as here, there has been no evidentiary hearing, "'the plaintiffs need only establish a *prima facie* case of personal jurisdiction.'" *Id*. (quoting *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007)).

### a. General Personal Jurisdiction

General jurisdiction allows a court to "hear any and all claims against [a party] when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 131 S. Ct. at 2851 (citing *International Shoe*, 326 U.S. at 317). "When the cause of action does not arise out of or relate to the foreign corporation's activities in the forum State, due process is not offended by a State's subjecting the corporation to its *in personam* jurisdiction when there are sufficient contacts between the State and the foreign corporation." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). "A court may exercise general jurisdiction over a defendant where he or she has 'continuous and systematic' contacts with the forum, whether or not those contacts are related to the plaintiff's cause of action." *Metcalfe*, 566 F.3d at 334 (citing *Helicopteros*, 466 U.S. at 416). "In considering general jurisdiction, we must look to all defendants' contacts, which must be 'extensive and pervasive . . . .'" *Lolli v. Parc Mgmt., LLC*, No. 11-1372, 2012 WL 688475, at *3 (M.D. Pa. Mar. 2, 2012). Thus, "[t]he standard for evaluating whether minimum contacts satisfy the test for general jurisdiction is more stringent than the test applied to questions of specific jurisdiction." *Saudi v. Acomarit Maritimes Servs., S.A.*, 114 F. App'x 449, 453 (3d Cir. 2004) (citing *Noonan v. Winston Co.*, 135 F.3d 85, 93 (1st Cir. 1998)).

### b. Specific Personal Jurisdiction

Specific jurisdiction, on the other hand, "arises out of" or "relates to" the cause of action when the contacts are "isolated or specific." *Burger King*, 471 U.S. at 472–73. It

depends not on an entity's overall vulnerability to suit in a forum, but "on an 'affiliatio[n] between the forum and the underlying controversy,' principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, 131 S.Ct. at 2851 (citing von Mehren & Trautman, *Jurisdiction to Adjudicate: A Suggested Analysis*, 79 Harv. L. Rev. 1121, 1136 (1966)). For specific jurisdiction to exist, it must be true that: (1) the defendant "purposefully directed [its] activities" at Pennsylvania, (2) the litigation "arise[s] out of or relate[s] to" at least one of the defendant's activities in Pennsylvania, and (3) the exercise of jurisdiction comports with traditional notions of "fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (citations omitted). In actions where multiple claims are asserted, specific jurisdiction is claim specific because "a conclusion that the District Court has personal jurisdiction over one of the defendants as to a particular claim . . . does not necessarily mean that it has personal jurisdiction over that same defendant as to [the plaintiff's] other claims." *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001).

The threshold inquiry for specific personal jurisdiction considers whether Defendants have "'purposefully availed [themselves] of the privilege of conducting activities within the forum.'" *O'Connor*, 496 F.3d at 318 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958)). "[W]hat is necessary is a deliberate targeting of the forum. Thus, the 'unilateral activity of those who claim some relationship with a nonresident defendant' is insufficient." *Id*. (quoting *Hanson*, 357 U.S. at 253). Specific jurisdiction is established when "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980).

While "[m]ail and telephone communications sent by the defendant into the forum may count toward the minimum contacts that support jurisdiction," *Grand Entm't Grp., Ltd.*

*v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993), the Third Circuit has also held that "'informational communications in furtherance of [a contract between a resident and nonresident] does not establish the purposeful activity necessary for a valid assertion of personal jurisdiction over [the nonresident defendant].'" *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co.*, 75 F.3d 147, 152 (3d Cir. 1996) (quoting *Sunbelt Corp. v. Noble, Denton & Assoc., Inc.*, 5 F.3d 28, 32 (3d Cir. 1993)).

"In determining jurisdiction for a breach of contract, the district court must consider the totality of the circumstances." *Telcordia Tech., Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006) (citing *Remick*, 238 F.3d at 256). "Specific jurisdiction frequently depends on physical contacts with the forum. Actual presence during pre-contractual negotiations, performance, and resolution of post-contract difficulties is generally factored into the jurisdictional determination." *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001) (citing *Remick*, 238 F.3d at 255-56). While "[i]t is not significant that one or the other party initiated the relationship," *id*. (citing *Carteret Sav. Bank*, 954 F.2d at 150),:

> The fact that a non-resident has contracted with a resident of the forum state is not, by itself, sufficient to justify personal jurisdiction over the nonresident. The requisite contacts, however, may be supplied by the terms of the agreement, the place and character of prior negotiations, contemplated future consequences, or the course of dealings between the parties.

*Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).

### 2.     **Maritim's Motion to Dismiss for Lack of Personal Jurisdiction**

Maritim asserts that Plaintiff has failed to demonstrate that the Court may exercise general or specific jurisdiction in this action. As to general jurisdiction, Maritim argues that "nowhere in the Complaint does Plaintiff allege that Maritim had any contacts with this forum, let alone systematic and continuous contacts." (Doc. 12, 5.) And, Maritim asserts that specific jurisdiction does not exist in this case because It's Intoxicating has not alleged that Maritim purposefully availed itself to this forum, and the Complaint does not contain any

allegations concerning the location and character of contract negotiations, whether Maritim solicited business from Pennsylvania, whether Maritim received benefits under the law of Pennsylvania, the contemplated future consequences of the contract, the terms and provisions of the alleged contract, or the parties' course of dealings. (*Id*. at 8.)

In It's Intoxicating's opposition to Maritim's motion, Plaintiff's sole argument that specific jurisdiction exists as to Maritim is that "Maritim purposefully directed its activities at Plaintiff in Pennsylvania, and the litigation arises out of that activity." (Doc. 13, 2.) Similarly, It's Intoxicating argues that "general jurisdiction is present, as Maritim maintained continuous and systematic contacts with and carried on a substantial portion of its business within Pennsylvania." (*Id*.) It's Intoxicating relies on the Affidavit of Cheryl Sott to establish personal jurisdiction as to Maritim. (*Sott Aff*.) According to Ms. Sott, Maritim, through Zimmer, "specifically initiated contact to Plaintiff, in Pennsylvania, seeking the subject contract," and "Plaintiff never initiated the contact to Maritim." (*Id*. at ¶¶ 1-2.) Moreover, Maritim "directly contaced Plaintiff in Pennsylvania, in regard to negotiations, formation, and performance under the subject contract." (*Id*. at ¶ 3.) Ms. Sott also asserts that "agents of Maritim, other than Zimmer, directly contacted Plaintiff in Pennsylvania, soliciting contracts other than the subject contract." (*Id*. at ¶ 6.)

Alternatively, It's Intoxicating requests transfer of this action to the District Court of New Jersey if it is determined that personal jurisdiction over Maritim does not exist in this forum. (Doc. 13, 2.)

It's Intoxicating has failed to present sufficient evidence demonstrating that personal jurisdiction can be exercised over Maritim in this forum.  As to general jurisdiction, It's Intoxicating has not provided any evidence to substantiate its claim that Maritim has systematic and continuous contacts with Pennsylvania.

It's Intoxicating has also failed to sustain its burden and demonstrate that specific

7

jurisdiction exists in this forum as to Maritim. While It's Intoxicating has presented evidence that Maritim intitiated contact to Plaintiff while in Pennsylvania, (*Sott Aff.*), It's Intoxicating fails to provide any information as to the nature and character of the negotiations, the parties' course of dealings, or the terms of the contract. Thus, while Plaintiff's allegations must be accepted as true in deciding a motion to dismiss for lack of personal jurisdiction, *see Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009), even taking this evidence as true, It's Intoxicating's has provided so little detail about its relationship and the alleged contract formation with Maritim that it cannot be concluded from this evidence that specific personal jurisdiction exists as to Maritim in this forum. *See, e.g., Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984) (holding that a plaintiff establishing personal jurisdiction must present more than "mere affidavits which parrot and do no more than restate plaintiff's allegations without identification of particular defendants and *without factual content*"). In particular, It's Intoxicating has not identified the frequency, method, or manner with which the parties communicated while Plaintiff was in Pennsylvania. Nor has Plaintiff demonstrated the place and character of the contract negotiations between the parties. Accordingly, It's Intoxicating has failed to satisfy its burden of demonstrating that Maritim purposefully availed itself to this forum. However, because amendment may not necessarily be futile, It's Intoxicating will be granted leave to file an amended complaint to address the deficiencies in personal jurisdiction.[1]

### 3. **Zimmer's Motion to Dismiss for Lack of Personal Jurisdiction**

Zimmer also seeks dismissal of It's Intoxicating's Complaint for lack of personal jurisdiction. Zimmer argues that Plaintiff "does not even allege that Zimmer has entered into any contracts in Pennsylvania, transacted any business in Pennsylvania, or even ever

---

[1] Alternatively, It's Intoxicating may request a transfer of this action to the District of New Jersey.

spoken with anyone located within the Commonwealth, let alone set foot there herself. In short, there are literally no allegations of contacts with the forum state." (Doc. 17, 4.)

In opposition, It's Intoxicating's sole argument as to jurisdiction over Zimmer is that "specific personal jurisdiction would be present, as Zimmer purposefully directed her activities at Plaintiff in Pennsylvania." And, the only evidence supplied by It's Intoxicating in opposition to Zimmer's motion is the same affidavit that Plaintiff relies upon in opposing Maritim's motion to dismiss. (*Sott Aff*.)

Here, It's Intoxicating has failed to satisfy its burden of establishing personal jurisdiction over Zimmer in this forum. First, Plaintiff has not raised any argument that Zimmer had continuous and systematic contacts with this forum. Thus, general personal jurisdiction over Zimmer in this forum does not exist. Second, while Plaintiff has alleged that Zimmer contacted It's Intoxicating in Pennsylvania, (*Sott Aff*.), Plaintiff has simply failed to provide any evidence documenting the frequency, nature, context, or substance of these communications. Plaintiff has also not identified the place and character of the contract negotiations between the parties. Without supplying some detail as to Zimmer's contacts with It's Intoxicating in Pennsylvania, It's Intoxicating has not established that Zimmer purposefully availed herself to the privilege of conducting business in this forum. Accordingly, Zimmer's motion to dismiss for lack of personal jurisdiction will be granted. However, since Plaintiff may be able to adequately allege facts demonstrating personal jurisdiction over Zimmer, It's Intoxicating will be granted leave to filed an amended complaint to address the deficiencies in personal jurisdiction.

**B.   Improper Venue**

Maritim and Zimmer argue that if the action is not dismissed for lack of personal jurisdiction, then the case should be dismissed for improper venue pursuant to 28 U.S.C. § 1391. Because there is no personal jurisdiction in this case, the motions to dismiss for

improper venue are rendered moot. *See, e.g., Cabot Corp. v. Niotan, Inc.*, No. 08-1691, 2011 WL 4625269, at *15 (E.D. Pa. Sept. 30, 2011); *Lee v. Super King Sauna NJ*, No. 11-2710, 2011 WL 3652490, at *6 (E.D. Pa. Aug. 18, 2011).

**C.    Failure to State a Claim**

Additionally, Defendants argue that It's Intoxicating has failed to adequately state any claim upon which relief can be granted. Because the Complaint will be dismissed for lack of personal jurisdiction, it is not necessary to address the sufficiency of each of Plaintiff's claims. However, as Defendants raise a number of arguments in support of dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff should remedy any defects related to the sufficiency of its pleading prior to submitting an amended complaint in order to avoid the potential dismissal of its claims for failure to state a claim upon which relief can be granted.

### III. Conclusion

For the above stated reasons, Defendants' motions to dismiss for lack of personal jurisdiction will be granted, but Plaintiff will be given leave to file an amended complaint.

An appropriate order follows.


 August 27, 2012                                                  /s/ A. Richard Caputo
 Date                                                              A. Richard Caputo
                                                                   United States District Judge