**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IT'S INTOXICATING, INC., | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:11-2379 |
| v. | : | (JUDGE MANNION) |
| MARITIM HOTELGESELLSCHAFT, mbH and DANIELA ZIMMER, | : | |
| Defendants | : | |
| | : | |

**MEMORANDUM**

Pending before the court is the plaintiff's motion for entry of default judgment, pursuant to Fed.R.Civ.P. 55(b)(2), against defendant Daniella Zimmer filed on May 18, 2015, to which no brief in opposition has been filed. (Doc. 84). As the court finds the plaintiff has shown prejudice if default is denied, has shown defendant Zimmer does not have a litigable defense and has demonstrated that defendant Zimmer's conduct is culpable, the plaintiff's motion for default judgment will be **GRANTED AS MODIFIED**. The plaintiff's damages will be reduced by the amount of the settlement proceeds plaintiff received from defendant Maritim Hotelgesellschft mbh ("Maritim").

**I.    Procedural Background**

Since the court stated the procedural background of this case in its January 27, 2015 Memorandum, it will not fully repeat it here. (Doc. 65). *See It's Intoxicating, Inc. v. Maritim Hotelgesellschft mbH*, 2015 WL 365681

(M.D.Pa. January 27, 2015). In its January 27 memorandum, the court granted, in part, and denied, in part, Maritim's motion for summary judgment The court found that Maritim was not entitled to summary judgment with respect to plaintiff's breach of contract claim based on lack of jurisdiction, and that Maritim was entitled to summary judgment with respect to plaintiff's claim for unjust enrichment. The court issued an order with its findings. (Doc. 66). On February 10, 2015, Maritim filed a motion for partial reconsideration of the court's memorandum and order regarding the denial of its summary judgment motion on plaintiff's breach of contract claim based on lack of jurisdiction. (Doc. 68). On March 19, 2015, the court denied Maritim's motion for partial reconsideration. (Docs. 72, 73). On March 26, 2015, counsel for defendant Zimmer filed a renewed "Motion to Withdraw Appearance". (Doc. 74).

      A final pretrial conference was subsequently conducted with plaintiff and Maritim. Neither Defendant Zimmer nor her counsel appeared despite the fact that Zimmer was not excused from attending. Plaintiff and Maritim reached an agreement to settle and a 60-day order was issued on April 7, 2015, dismissing the case as to Maritim. (Doc. 77). Also on April 7, the court issued an order regarding the motion to withdraw filed by the law firm of Fitzpatrick, Lentz & Bubba, P.C. ("Fitzpatrick"), counsel for defendant Zimmer. (Doc. 78). In its order, the court stated that based on the facts contained in Fitzpatrick's motion, the court would direct that they serve defendant Zimmer with the order notifying her that her trial was scheduled for May 11, 2015, at 9:30 a.m.,

in the William J. Nealon, United States Courthouse in Scranton, Pennsylvania. The court also admonished defendant Zimmer and directed that the "[f]ailure of Ms. Zimmer to appear for her trial, either representing herself, *pro se*, or with substitute counsel will result in the court entertaining a motion by the plaintiff to enter Default and/or Default Judgment against her." Further, the court stated that once Fitzpatrick served defendant Zimmer with the order, they should notify the court and thereafter would be allowed to withdraw as her counsel.

On April 8, 2015, an amended order was issued scheduling the non-jury trial between plaintiff and defendant Zimmer to commence on May 11, 2015. (Doc. 79). On April 21, 2015, Fitzpatrick filed a certificate of service, (Doc. 80), stating "Pursuant to the Court's Order dated April 7, 2015, I hereby certify that I have served a copy of the Court's Amended Order dated April 8, 2015 scheduling a trial in the above matter for May 11, 2015, at 9:30 a.m. to Defendant Daniela Zimmer on April 8, 2015 at the following address: Frau Daniela Zimmer, c/o Dr. Franz Tepper, LL.M., Brandi Rechtsanwalte Thesings Allee 3, 33332 Gutersloh, Germany.

The trial commenced on May 11, 2015, and plaintiff was present and prepared to proceed. Defendant Zimmer did not appear for trial as ordered. Nor is there in any indication on the docket that the copy of the court's amended order dated April 8, 2015 scheduling a trial in the above matter for May 11, 2015, which Fitzpatrick served on defendant Zimmer, was returned

as undeliverable. Thus, the court noted on the record that proper service of the court's April 7, 2015 order on defendant Zimmer had been made by the defendant's former counsel. The court also reiterated information on the record regarding defendant Zimmer and the time line of events. Plaintiff requested the court enter default against defendant Zimmer. The court granted this request and stated that default would be entered on May 11, 2015. Plaintiff also requested default judgment be entered. However, the court directed plaintiff to file a motion requesting default judgment with the amount of damages, plus interest and costs.

On May 11, 2015, a default order was entered stating that: "Default is hereby entered in favor of the Plaintiff, It's Intoxicating, Inc. and against Daniela Zimmer for failure to appear for trial." (Doc. 83). On May 18, 2015, plaintiff filed a motion for entry of default judgment against defendant Zimmer with an attached bill of costs and affidavit as well as a brief in support. (Docs. 84, 85). Also, plaintiff filed a certificate of service indicating that it served defendant Zimmer with its motion and brief at the above address in Germany. (Doc. 86). The time in which defendant Zimmer's brief in opposition was due has expired and she did not submit a brief. Nor did defendant Zimmer request additional time to file a brief. In fact, defendant Zimmer has had no contact with the court in this case, either directly or through her former counsel besides her counsel's motions to withdraw, since October 4, 2012, when she filed her motion to dismiss the amended complaint of plaintiff. (Doc. 22).

Significantly, defendant Zimmer did not even file an answer to plaintiff's amended complaint after her motion to dismiss was denied, in part.

## II.     DISCUSSION

"Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a party when a default has been entered []." Stout Street Funding LLC v. Johnson, 2014 WL 5591043, *2 (E.D.Pa. Nov. 04, 2014). "Entry of default judgment is a matter within the sound discretion of the district court." Id. (citing Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984)). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). "[T]he factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Id. (quoting Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)).

Plaintiff seeks the entry of default judgment in its favor and against defendant Zimmer in the amount of $118,830.55, plus pre-judgment interest on that money, as of March 14, 2008, and until the entry of judgment, at the statutory rate of six percent per annum, plus post-judgment interest pursuant to 28 U.S.C. §1961, plus costs in the amount of $1,610.62. In its amended complaint, plaintiff requested judgment against Maritim and defendant Zimmer

5

each in the amount of $118,830.55, plus interest, plus costs, and punitive damages. (Doc. 21, at 15-16).

The entry of default judgment against defendant Zimmer is appropriate. Defendant Zimmer was notified of the trial date in this case and she was forewarned that if she failed to appear it "will result in the court entertaining a motion by the plaintiff to enter Default and/or Default Judgment against her." Defendant Zimmer failed to appear for trial and the court entered default against her. As such, the entry of default judgment can now be entered against defendant Zimmer. See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 521 n. 1 (3d Cir. 2006) (The Third Circuit Court noted that an entry of default under Rule 55(a) must precede an entry of default judgment under Rule 55(b)(2)).

The plaintiff has shown prejudice caused by the defendant Zimmer's delay since it was ready to proceed with trial on May 11, 2015, in this case pending since December 26, 2011, and has shown it will be prejudiced if default is denied. After defendant Zimmer's motion to dismiss the amended complaint was denied, in part, Zimmer has not asserted any further substantive defense to plaintiff's breach of contract claim. Thus, the court finds that Zimmer has no litigable defense to plaintiff's claim. Moreover, the plaintiff has demonstrated how defendant Zimmer's failure to appear for trial stems from culpable conduct. As mentioned, defendant was properly served with a copy of the court's order setting the trial and apparently decided not to

appear despite the court's admonition regarding such failure.

In its amended complaint as well as in the affidavit of Cheryl Scott previously filed, the plaintiff has set forth the basis for its claim for compensatory damages as against defendant Zimmer. Specifically, plaintiff sent an e-mail to defendant Zimmer with invoices for its products sent to Maritim's hotel in the amount of $181,547.80. On June 5, 2008, plaintiff received a partial payment of $25,724.85 for its shipment of products. On June 15, 2008, plaintiff sent an e-mail to Zimmer with a memo crediting Maritim's account in the amount of $5,823.60. Moreover, plaintiff is not seeking $31,168.80 for a portion of the goods that were specifically processed through a French company. As such, the current outstanding balance plaintiff is requesting as damages for its goods is $118, 830.55, plus interest.

The plaintiff received settlement proceeds in the amount of $20,000 from Maritim. Thus, plaintiff's out of pocket loss will be reduced to $98,830.55 and judgment will be entered against defendant Zimmer in this amount. *See* Stout Street Funding LLC v. Johnson, 2014 WL 5591043, *3 (the court reduced the amount of the judgment against the defaulting defendants on a breach of contract claim by the amount of settlement proceeds plaintiff received from the other defendants in the case).

The plaintiff also requests that the default judgment include an amount representing pre-judgment interest. In particular, plaintiff seeks pre-judgment interest on the amount of $118,830.55, as of March 14, 2008 (the date

7

plaintiff's products were received by Maritim), until the entry of judgment at the statutory rate of six percent per annum. "Generally, Pennsylvania law recognizes a right to pre-judgment interest only with respect to breach of contract claims." Stout Street Funding LLC v. Johnson, 2014 WL 5591043, *3 (citing Am. Enka Co. v. Wicaco Mach. Co., 686 F.2d 1050, 1056 (3d Cir. 1982)). As such, plaintiff will be awarded pre-judgment interest with respect to its breach of contract claim against defendant Zimmer on the amount of $98,830.55, as of March 14, 2008, until the entry of judgment at the statutory rate under 41 P.S. §202 of six percent per annum. *See* Stout Street Funding LLC v. Johnson, 2014 WL 5591043, *4 n. 5 (plaintiff is entitled to pre-judgment interest on the net amount of its loss, less any settlement monies it has received.) Further, plaintiff will be awarded post-judgment interest on the amount of $98,830.55 pursuant to 28 U.S.C. §1961, from the date judgment is entered against defendant Zimmer.

Finally, plaintiff requests costs in the amount of $1,610.62, as set forth in its Bill of Costs. (Doc. 84-1). Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs" other than attorney's fees "should be allowed to the prevailing party." The "costs" which may be recovered under Rule 54(d)(1) are specified in 28 U.S.C. §1920. Local Rule 55.4 outlines the taxation of costs and provides in pertinent part that "[c]osts shall be taxed in conformity with the provisions of 28 U.S.C. §§1920-1923 ...." Section 54.3 provides that no later than 30 days after entry of final judgment, bills of costs

shall be filed, and that bills of costs requiring taxation, shall be taxed by the clerk, subject to appeal to the court. Thus, after the court enters judgment against defendant Zimmer, plaintiff must file its bill of costs with the clerk of court. *See* Quagliarello v. Dewees, 2012 WL 3279212, *2 (E.D.Pa. August 10, 2012) ("The Clerk of Court has the authority to tax costs under Rule 54(d)(1), but 'the [district] court may review [de novo] the clerk's action.'" (citing Reger v. Nemours Found., Inc., 599 F.3d 285, 288 (3d Cir. 2010)).

### III.   CONCLUSION

For the reasons discussed above, the plaintiff's motion for entry of default judgment against defendant Zimmer, (Doc. 84), is **GRANTED AS MODIFIED**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: July 6, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2011 MEMORANDA\11-2379-04.wpd